(No. 18871.—)

THE DUNCAN LUMBER COMPANY, Defendant in Error, *vs.* THE LEONARD LUMBER COMPANY, Plaintiff in Error.

*Opinion filed October 25, 1928.*

SOLOMON P. RODERICK, and LEONARD J. MANDEL, (AUSTIN L. WYMAN, of counsel,) for plaintiff in error.

HERBERT A. SCHRYVER, for defendant in error.

Mr. JUSTICE FARMER delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment of the municipal court of the city of Chicago in favor of the Duncan Lumber Company, a non-resident corporation, against the Leonard Lumber Company, a resident corporation, in an action of assumpsit for $1219.53, and this court granted the petition of the Leonard Lumber Company for a writ of *certiorari* to review the record.

The parties will hereafter be referred to as plaintiff and defendant, as they were in the municipal court.

Plaintiff set forth in its statement of claim that it sold and delivered lumber to defendant on February 19, 1926, on which there is due plaintiff from defendant $1219.53. Defendant filed a claim of set-off and an affidavit of merits thereto. The affidavit alleged plaintiff is a foreign corporation not licensed to do business in Illinois and has no agent in this State upon whom process can be served. The affidavit of merits did not dispute the liability for the claim sued on, but alleged that on February 2, 1926, plaintiff contracted to sell and deliver to defendant certain other lumber, one car-load to be delivered March 15, 1926, one May 15, 1926, and one July 15, 1926; that defendant agreed to pay $37.50 per thousand feet, f.o.b. Chicago; that thereafter plaintiff refused to deliver the lumber, and defendant was compelled to, and did, purchase in the open market lumber of the same grade and quality and in the same

amount, paying therefor $3909.92 more than the contract price, leaving a balance due defendant, after deducting plaintiff's claim, of $2690.39. The municipal court, on motion of plaintiff, struck defendant's counter-claim from the files for the reason the damages claimed therein were not connected with the contract between the parties to the original suit thereon. Defendant elected to stand by its set-off and counter-claim, was defaulted, and judgment was rendered against it for $1219.53.

The lumber sued for was purchased and delivered under a contract between plaintiff and defendant on February 19, 1926. The set-off or counter-claim of defendant grows out of a contract made between the parties on February 2, 1926, and has no relation whatever to the contract sued on by plaintiff. The Appellate Court held that defendant's claim of set-off did not grow out of the contract sued on by plaintiff but was a distinct undertaking, complete in itself; that the damages claimed as a set-off were unliquidated and could not be set off in an action at law.

Defendant contends its claim of set-off is the difference between the market value of the lumber at the time the contract was breached and the price agreed to be paid for it, without any claim of special damages, and that the damages claimed are liquidated. The second contention of defendant is, that whether they are liquidated or not and whether they arose out of the same or different transactions, they may be set off by a resident defendant against a claim of a non-resident plaintiff solely on the ground of the non-residence of plaintiff. The right to set-off is statutory. At common law a defendant is not permitted to set off his demand against the plaintiff's claim. Our statute (Cahill's Stat. 1927, chap. 110, sec. 47, p. 1948,) authorizes a defendant "having claims or demands against the plaintiff in such action," to plead the same, etc. That statute has been construed in numerous cases by this court to not authorize unliquidated damages arising out of a contract, not con-

nected with the subject matter of the plaintiff's suit, to be set off against the plaintiff's claim. (*Hawks* v. *Lands,* 3 Gilm. 227; *Sargeant* v. *Kellogg,* 5 id. 273; *DeForrest* v. *Oder,* 42 Ill. 500; *Robison* v. *Hibbs,* 48 id. 408; *Clark* v. *Dutton,* 69 id 521; *Clause* v. *Bullock Printing Press Co.* 118 id. 612; *Higbie* v. *Rust,* 211 id. 333.) In most of those cases the litigation was, so far as appears, not between a non-resident plaintiff and a resident defendant, and defendant contends that there are equitable reasons in this case why a non-resident plaintiff cannot come into the courts of this State and sue and recover a judgment against a resident defendant without submitting itself to the jurisdiction of the courts for the purpose of having a just claim defendant has against plaintiff from being adjudicated. Counsel say that would permit the plaintiff corporation to leave the State with the money received on a judgment, leaving behind it a debt to the defendant exceeding the amount plaintiff had collected. Counsel for defendant argue that defendant's set-off was proper to be allowed on the equitable ground of the non-residence of plaintiff though the case does not come within the language of the statute.

*Higbie* v. *Rust, supra,* was an action by a non-resident plaintiff to recover a balance due for jelly pails sold by plaintiff to defendant. Defendant filed a plea of the general issue and notice of set-off, claiming there was a completed contract between the parties, made in October, with reference to 3500 dozen additional pails, and that defendant suffered damages amounting to $1130 by reason of plaintiff failing and refusing to ship the pails. The set-off was for damages claimed for an alleged breach of a contract separate from the one sued on. The trial court excluded evidence offered by defendant as to his set-off and instructed the jury to find a verdict for plaintiff. That judgment was affirmed by the Appellate Court and by this court. In its opinion this court said: "The two orders for the first 4000 dozen pails ordered, when accepted, consti-

tuted separate contracts which have been performed by Rust, and he seeks to recover in assumpsit the amount of money which Higbie agreed to pay for those pails. The latter seeks to offset unliquidated damages which he charges resulted from the violation of an entirely distinct and independent contract. Such unliquidated damages could not be offset, as they grew out of the alleged breach of a contract other than those sued upon and in nowise connected therewith." (Citing cases.)

Defendant's counsel undertake to distinguish the *Higbie case* from this on the ground that the question of non-residence of plaintiff, while it might have been raised in that case, was not raised. The opinion of the court states that plaintiff was a manufacturer of pails in New Hampshire and defendant a jobber and dealer in Chicago. The question of the non-residence of plaintiff was known and recognized by the court, which held the damages claimed by defendant were unliquidated and could not be set off against plaintiff's claim because they grew out of the alleged breach of another contract than the one sued upon. We do not think that case distinguishable from this. The court recognized no distinction in a case where plaintiff is a non-resident and a case where both are residents.

Defendant contends that the damages sought to be recovered by it in its set-off are liquidated damages, and cites two decisions of the Appellate Court that if damages can be ascertained by computation or calculation they are liquidated. This question has been passed upon by this court in numerous of the cases first above cited. Bouvier was quoted as defining "liquidated damages" to be a certain sum due, and that it must appear not only that something is due but also how much is due, or the debt is not liquidated. "An unliquidated debt is one which one of the parties cannot alone render certain." The damages claimed by defendant in its set-off in this case were not different, in the method of ascertaining the amount, from those in

*Hawks* v. *Lands, supra, Higbie* v. *Rust, supra,* and *Ewen* v. *Wilbor,* 208 Ill. 492. As we have before stated, this case cannot be distinguished from *Higbie* v. *Rust, supra,* where the court distinctly held the damages sought to be set off were unliquidated and grew out of a contract other than the one sued on.

There is some confusion in the decisions of the Appellate Courts of this State upon the question here involved, but, notwithstanding that fact, we are of opinion the decisions of this court are contrary to the contentions of defendant, and we are bound by them. This is an action at law. In several jurisdictions in actions in equity an equitable set-off may be allowed where complainant is a non-resident or insolvent. In some courts the distinction in equity and at law has been abolished, and in some others the statute has been so enacted as to permit a set-off for unliquidated damages where plaintiff is a non-resident. That distinction has never been made in this State, but, on the contrary, as in *Higbie* v. *Rust, supra,* has been denied. Until the statute is amended by the General Assembly we have no right or power to give it a different construction from that given it by this court for many years. It may be true that a claim of set-off for unliquidated damages should be expressly allowed in all cases by the statute, but that is a question for the legislature and not for the courts. We have not referred to the cases of foreign jurisdiction cited by the respective parties, because in our view this case must be determined from the previous opinions of this court.

The Appellate Court did not err in affirming the judgment, and its judgment is affirmed. *Judgment affirmed.*