John A. Eck Company for the use of Commerce Trust & Savings Bank, Appellant, v. The Pennsylvania Railroad Company, Appellee.

Gen. No. 34,567.

44

Opinion filed March 24, 1931.

Loucks, Eckert & Peterson, for appellant; Chilton P. Wilson, of counsel.

Loesch, Scofield, Loesch & Richards, for appellee; Edward M. Burke, of counsel.

Mr. Presiding Justice Scanlan delivered the opinion of the court.

John A. Eck Company, a corporation, for the use of Commerce Trust & Savings Bank, a corporation, sued The Pennsylvania Railroad Company, a corporation. Defendant filed a plea of non assumpsit and notice of set-off. A jury was waived and the cause was submitted to the trial court on agreed facts. There was a finding in favor of defendant and judgment was entered against plaintiff for costs. Plaintiff has appealed.

The case was tried upon the following stipulation of facts:

"It is hereby stipulated by and between the parties hereto that on August 15, 1928, John A. Eck Company, a corporation, assigned to Commerce Trust & Savings Bank, a corporation, the causes of action set out in the statement of claim herein and that The Pennsylvania Railroad Company received notice of such assignment August 17, 1928.

"That on said days there was due from The Pennsylvania Railroad Company, a corporation, to said John A. Eck Company on said causes of action, the

same being actions to recover damage for loss, damage and delay to freight moving in interstate commerce the total sum of $1,063.99.

"That on said date there was due from said John A. Eck Company, a corporation, to The Pennsylvania Railroad Company, a corporation, as and for freight charges on freight moving in interstate commerce the sum of $1,127.38 as shown by itemized statement hereto attached and made a part hereof, which gives the date of hauling each shipment listed thereon and the completion of which hauling was not later than fifteen (15) days thereafter. None of said shipments are the same as any of the shipments out of which any of plaintiff's claims arise.

"That more than four months after the assignment aforesaid and previous to the commencement of this suit, said John A. Eck Company was adjudicated and discharged as bankrupt in the District Court of the United States, for the Northern District of Illinois, Eastern Division; that said Pennsylvania Railroad Company filed its claim for the aforesaid freight charges in said bankruptcy proceedings but that no dividend was ever paid on aforesaid outstanding freight charges and its cause of action thereon against said John A. Eck Company is now barred by the discharge in bankruptcy aforesaid."

Plaintiff contends that while the present action is, in form, assumpsit, nevertheless, its real character must be determined from the allegations of the declaration; that no breach of contract is alleged in the declaration, and that the right of action, as alleged in the declaration, is based upon the negligence of the defendant as a common carrier, and that therefore it must be held that the action is in case, and plaintiff further contends that set-off cannot be interposed in an action sounding in tort. Defendant contends that a suit against a common carrier of interstate freight for loss, damage or delay to such freight is an action

brought on a contract or agreement, for the reason that such suit is based on the bill of lading, which is prescribed by Congress and which must be approved by the Interstate Commerce Commission and the provisions of which may not be waived. In determining this appeal we do not deem it necessary to pass upon this contention of defendant. Plaintiff filed a praecipe that directed the clerk of the court to issue a summons to defendant "in a plea of trespass on the case upon promises." The summons calls upon defendant to be and appear before the court to answer unto plaintiff "in a plea of trespass on the case upon promises." The commencement of the declaration is as follows:

"JOHN A. ECK COMPANY, a corporation, for the use of COMMERCE TRUST & SAVINGS BANK, a corporation, by LOUCKS, ECKERT & PETERSON, its attorneys, complains of THE PENNSYLVANIA RAILROAD COMPANY, a corporation, defendant, of a plea of trespass on the case upon promises."

Count one is as follows:

"FOR THAT, WHEREAS, the defendant, The Pennsylvania Railroad Company, was before and at the time of the making of the promises hereinafter next mentioned, and still is, a common carrier of goods and chattels for hire, both interstate and intrastate, as its various lines may run, and the plaintiff, by its agent, delivered to the Great Northern Railway Company, another common carrier of goods and chattels for hire, at to-wit, Princeton, in the State of Minnesota, on, to-wit, May 10, 1928, certain goods and chattels of the plaintiff, to-wit, 240 sacks of potatoes, to be taken care of and safely and securely transported by the said Great Northern Railway Company and its connecting carriers in and by car FGE 18632, which said equipment was furnished by the said Great Northern Railway Company from Princeton in the

State of Minnesota, to, to-wit, Pittsburgh, in the State of Pennsylvania, and at the last named place to be safely and securely delivered for the plaintiff, and in pursuance thereof the said Great Northern Railway Company and its connecting carriers delivered said goods and chattels to this defendant in the course of said transportation, and while en route as aforesaid and in one of the states of the United States, for safe and secure carriage to Pittsburgh, in the State of Pennsylvania, and in consideration thereof and a certain reward to the defendant in that behalf, it, the defendant accepted said goods and chattels aforesaid for the purposes aforesaid and promised the plaintiff to take care of said goods and chattels and to safely and securely carry the same from the point aforesaid where said defendant received the same, to Pittsburgh, Pennsylvania, aforesaid, and at the last named place to safely and securely deliver the same for the plaintiff, and thereby this defendant became the final or destination carrier, and such a carrier is by Federal statute made liable for all the acts, defaults or omissions of all carriers participating in the said transportation; but although said carrier, the defendant, received said goods and chattels aforesaid for the purposes aforesaid, it, and all other carriers for which it is responsible, have not taken care of said goods and chattels nor carried the same safely and securely for the plaintiff as aforesaid, nor at Pittsburgh, in the State of Pennsylvania, safely and securely delivered the same for the plaintiff, but on the contrary thereof the defendant and said carriers so negligently behaved themselves with respect to said goods and chattels that they were decayed, mashed and deteriorated when delivered by the said defendant, whereby said goods were greatly damaged and lessened in value in the amount of Sixty-two Dollars and twenty-six cents ($62.26), said sum being the difference in value of the

said goods and chattels had they been delivered safely and securely, and the value thereof in the condition in which said defendant delivered said goods and chattels.

"Plaintiff further avers that its claim for the damages aforesaid is now wholly due, owing and unpaid; that plaintiff filed its claim for said damages in writing with defendant within six months after said delivery to-wit, July 16, 1928, and as provided by law.

"Plaintiff further avers that after said delivery and the accrual of said claim and cause of action and after the aforesaid filing of the claim for damages, and prior to the institution of this action and on, to-wit, August 1, 1928, and for a good and valuable consideration, the plaintiff assigned said claim and cause of action to the Commerce Trust & Savings Bank, a corporation, and said bank is now the owner and holder thereof; and this action is brought by the plaintiff for the use of said Commerce Trust & Savings Bank, a corporation, to whom the aforesaid damages are owing."

The declaration contains additional counts that cover thirty-two other shipments, but it is conceded that all of these counts are similar to count one save as to amount and kind of property, place of origin, place of destination, name of initial carrier and amount of damage. Defendant filed only one plea, non assumpsit. It also filed a notice of set-off under the plea, in which it is alleged (*inter alia*) that prior to the time the cause of action was assigned to the Commerce Trust & Savings Bank "there was due from the John A. Eck Company to The Pennsylvania Railroad Company as and for freight charges on freight moving in interstate commerce the sum of $1127.38, and defendant herein desires to set-off said freight charges against the amount due from it for the loss, damage and delay to freight moving in interstate commerce as set forth in plaintiff's declaration."

In *Hinchcliffe v. Wenig Teaming Co.*, 274 Ill. 417, 423–4, it is said: "As in the case of common carriers

of passengers, a common carrier of goods and merchandise may be sued for an injury to merchandise damaged by his negligence, either in assumpsit for breach of the contract, express or implied, to carry the goods safely, or he may be sued in an action on the case for the wrong. (3 Hutchinson on Carriers, —3d ed.—sec. 1403; *Chudnovski v. Eckels*, 232 Ill. 312.) Manifestly, the allegations in the declaration in either form of action, in a case of this kind, would be substantially the same, the only difference in the form of the declaration being a technical one as to stating the form of the action.'' The count in question is substantially in accord with the one ordinarily used where the carrier is sued in assumpsit. (See Puterbaugh's Common Law Pleading & Practice, 10th ed., p. 222.) It is conceded that the form of the present action is assumpsit. The count in question is entirely consistent with a count in assumpsit. Defendant was called upon to plead in assumpsit and its plea of non assumpsit was not challenged by plaintiff. Under our liberal statute of amendments plaintiff had the right, before judgment, to change the form of the action, but it did not do so. Its contention that count one should be treated as a count in case is born of a desire to prevent defendant from interposing its set-off, and it cannot prevail under the pleadings and record in the case. If count one were not consistent with a count in assumpsit a different question would be presented.

Chap. 110, sec. 47, Cahill's Ill. Rev. St. 1929, ¶ 47, reads as follows:

''The defendant in any action  .  .  .  brought upon any contract or agreement, either express or implied, having claims or demands against the plaintiff in such action, may plead the same, or give notice thereof, under the general issue or under the plea of payment, and the same, or such part thereof as the defendant shall prove on trial, shall be set-off and allowed against the plaintiff's demand, and a verdict shall be given

for the balance due. . . . No such claim or demand shall be allowed under a notice under the general issue or under a plea of payment, unless the nature of such claim or demand is clearly and explicitly described in such notice or plea. If it shall appear that the plaintiff is indebted to the defendant, the jury shall find a verdict for the defendant and certify to the court the amount so found, and the court shall give judgment in favor of such defendant, with the costs of his defense. If the cause is tried by the court, the finding and judgment shall be in like manner.''

Plaintiff's only other contention is that as ''the plaintiff sues as for unliquidated damages the defendant cannot maintain set-off for liquidated damages arising out of transactions different from those upon which plaintiff seeks to recover.'' Plaintiff concedes that it is unable to find an Illinois decision that sustains its contention. Several decisions of sister states are cited, but it is unnecessary to consider these, as set-off and counterclaim are entirely the subject of statutory regulations. In the late case of *Duncan Lumber Co. v. Leonard Lumber Co.*, 332 Ill. 104, 106-7, the court says: ''Our statute (Cahill's Stat. 1927, chap. 110, sec. 47, p. 1948) authorizes a defendant 'having claims or demands against the plaintiff in such action,' to plead the same, etc. That statute has been construed in numerous cases by this court to not authorize *unliquidated damages* arising out of a contract, not connected with the subject matter of the plaintiff's suit, to be set off against the plaintiff's claim. (*Hawks v. Lands*, 3 Gilm. 227; *Sargeant v. Kellogg*, 5 id. 273; *DeForrest v. Oder*, 42 Ill. 500; *Robison v. Hibbs*, 48 id. 408; *Clark v. Dutton*, 69 id. 521; *Clause v. Bullock Printing Press Co.*, 118 id. 612; *Higbie v. Rust*, 211 id. 333.)'' (Italics ours.) It has never been held in this State, so far as we are aware, that liquidated damages arising out of a contract not connected with the subject matter of the

plaintiff's suit could not be set off against the plaintiff's claim. By inference, at least, the contrary has frequently been held. Plaintiff's construction of section 47, in our opinion, does violence to the plain intent of the act, and in practice would emasculate what was intended to be a useful remedy for a defendant sued in assumpsit. We hold that the instant contention of plaintiff is without merit.

The judgment of the superior court of Cook county is affirmed.

*Affirmed.*

GRIDLEY and KERNER, JJ., concur.